**XIU DAN SUN, Petitioner,**

v.

**U.S. ATTORNEY GENERAL,
Respondent.**

**No. 05–6197–ag.**

United States Court of Appeals,
Second Circuit.

April 19, 2007.

Liu Yu, New York, NY, for Petitioner.

Erik C. Peterson, United States Attorney; Richard D. Humphrey, Assistant United States Attorney, Madison, WI, for Respondent.

PRESENT: Hon. ROGER J. MINER, Hon. REENA RAGGI, Hon. RICHARD C. WELSEY, Circuit Judges.

### SUMMARY ORDER

Petitioner Xiu Dan Sun, a native and citizen of the People's Republic of China, seeks review of an October 20, 2005 order

of the BIA affirming the August 19, 2004 decision of Immigration Judge ("IJ") Sandy K. Hom denying her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In Xiu Dan Sun,* No. A78–848–718 (B.I.A. Oct. 20, 2005), *aff'g* No. A78–848–718 (Immig. Ct. N.Y. City Aug. 19, 2004). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA summarily affirms the decision of the IJ without issuing an opinion, *see* 8 C.F.R. § 1003.1(e)(4), this Court reviews the IJ's decision as the final agency determination. *See, e.g., Twum v. INS,* 411 F.3d 54, 59 (2d Cir.2005); *Yu Sheng Zhang v. U.S. Dep't of Justice,* 362 F.3d 155, 159 (2d Cir.2004). This Court reviews the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004). The Court reviews *de novo* questions of law and the application of law to undisputed fact. *See, e.g., Edimo–Doualla v. Gonzales,* 464 F.3d 276, 282 (2d Cir.2006).

We identify no error in the IJ's determination that Sun failed to present sufficient evidence to demonstrate a well-founded fear of future persecution based on imputed support for Falun Gong practices To establish asylum eligibility based on future persecution, an applicant must show that he or she subjectively fears persecution and that this fear is objectively reasonable. *Ramsameachire v. Ashcroft,* 357 F.3d 169, 178 (2d Cir.2004). A fear can be objectively reasonable "even if there is only a slight, though discernible, chance of persecution." *Diallo v. INS,* 232 F.3d 279, 284 (2d Cir.2000) (citing *INS v. Cardoza–Fonseca,* 480 U.S. 421, 431, 107 S.Ct. 1207,

94 L.Ed.2d 434 (1987)); *see Jian Xing Huang v. INS,* 421 F.3d 125, 129 (2d Cir. 2005).

Sun claims that the Chinese government believes she is a Falun Gong supporter because her aunt, a Falun Gong practitioner, was able to reside in her parents' house, her parents were arrested for harboring her aunt, and Sun's uncle told her that, after she went into hiding, government officials returned to the family home to look for her. As the IJ reasonably concluded, Sun's minimal testimony, even if credited, was insufficient to establish an objectively reasonable fear of future persecution. The fact that police were looking for Sun does not establish that they sought to arrest or otherwise persecute her. Their purpose may have been to question her about her arrested aunt or parents or to caution her against involvement with the Falun Gong. In short, this evidence is insufficient, by itself, to establish a government intent to persecute the petitioner. *See Ivanishvili v. U.S. Dep't of Justice,* 433 F.3d 332, 341 (2d Cir.2006) (stating that "persecution does not encompass mere harassment"). Despite offering affidavits from several family members in China expressing a conclusory subjective belief that Sun would be arrested, Sun adduced no evidence that the police had ever sought, much less that they continue to seek, her arrest. *See Diallo,* 232 F.3d at 285–86 (stating that while "consistent, detailed, and credible testimony may be sufficient to carry the alien's burden, evidence corroborating [her] story, or an explanation for its absence, may be required where it would reasonably be expected").

Because Sun was unable to show the objective likelihood of persecution needed to make out an asylum claim, she was necessarily unable to meet the higher standard required to succeed on a claim for withholding of removal. *See Paul v. Gon-*

*zales,* 444 F.3d 148, 156 (2d Cir.2006). Similarly, there is no indication from the record that it is more likely than not that Sun will be tortured in China. Therefore, the agency's denial of Sun's CAT claim is also supported by substantial evidence.

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).